IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| REGINALD SLACK | § | |
| v. | § | CIVIL ACTION NO. 6:09cv72 |
| EDDIE BAKER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT
AND DEFAULT JUDGMENT

The Plaintiff Reginald Slack, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Slack complains of an incident on January 30, 2008, in which he says that he and other inmates were ordered to get on a transport bus despite their complaining that the bus brakes were failing. As they approached the back gate, the bus driver yelled that the bus was not going to stop, and the bus struck the back gate. Slack says that as a result of the crash, he suffered injuries to his back and right leg.

According to Slack, he told the unit risk manager five weeks prior to the crash that the bus had bad brakes, but never received a response. After the crash, he filed grievances complaining about the incident and was told that no one was aware that the brakes would fail.

Slack has now filed a motion for summary judgment arguing that the Defendants "knew or should have known" that the brakes were faulty. He alleges facts which he says are undisputed, including claims that the safety officer had been placed on notice of the lack of brakes,

that Officer Petty allowed the bus to operate although he knew that it was unsafe, Officer Stevenson ordered Slack to board the bus despite knowing that it was unsafe, and Officer Dubbs said that the bus did not need any brakes and that the inmates should get on it.

In support of his motion, Slack provides an affidavit setting out his version of events, as well as an incident report saying that after the crash, an inspection showed that two brake cylinders were not operating properly. This report also says that no injuries were noted to any inmates, although six inmates did receive treatment with ibuprofen, motrin, and robaxin. Slack also attaches documentation showing that on February 1, 2008, an air brake chamber was ordered and installed, and medical records showing complaints by Slack for pain and muscle spasms.

After review of the pleadings, the Magistrate Judge issued a Report on February 2, 2011, recommending that Slack's motion for summary judgment, as well as a motion for default judgment which Slack filed, be denied. The Magistrate Judge stated that Slack had failed to show that there were no undisputed issues of fact, noting that another case involving this same incident had resulted in a verdict for the Defendants, and that Slack had offered nothing more than his own version of events to support his motion for summary judgment.

Slack's motion for a default judgment concerned the Defendants' failure to respond to his motion for summary judgment. The Magistrate Judge determined that the failure of a non-movant to respond to a motion for summary judgment does not entitle the movant to a default judgment. Finally, the Magistrate Judge noted that Slack purported to set out claims against two physicians in his motion for summary judgment, referring to the physicians as "defendants," but that these individuals were not named as parties to the lawsuit in Slack's original or amended complaints and thus are not parties to the case.

Slack filed objections to the Magistrate Judge's Report on February 14 and February 17, 2011. His February 14 objections simply state that he objects to the Magistrate Judge's Report, without further elaboration. In his February 17 objections, Slack says that all of his medical passes relate to the incident because they concern care for injuries which he sustained as a result of the

crash. He complains that the Magistrate Judge improperly referred to the other lawsuit, saying that that case has nothing to do with his right to a fair trial. He states that the fact that the brakes were repaired after the accident is proof that the defendants knew that the brakes were faulty beforehand. Slack also complains that the Magistrate Judge quoted the incident report as saying that no inmates were injured, which he states is not true because he was injured; however, this does not change the fact that the Magistrate Judge accurately quoted the report, which said that no inmates were injured. Finally, Slack objected to the dismissal of Dr. Thompson and Dr. Wright, saying that "the court knew or should have known that they were defendants," despite the fact that they were not named in his original or amended complaints. Slack has offered nothing to show that he is entitled to summary judgment or to a default judgment. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the district court. It is further

ORDERED that the Plaintiff's motions for summary judgment and for a default judgment (docket no.'s 39 and 43) are hereby DENIED.

**SIGNED this 2nd day of March, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE